Argued June 6, affirmed July 24, 1968

IN THE MATTER OF THE ESTATE OF
UMA G. MACK, DECEASED
BRUNER ET AL, *Appellants, v.* THE FIRST
NATIONAL BANK ET AL, *Respondents.*

443 P. 2d 645

*Theodore R. Conn* and *James C. Lynch,* Lakeview, argued the cause and filed briefs for appellants.

*Richard C. Beesley,* Klamath Falls, argued the cause for respondent Raymond B. Mack. With him on the brief was Donald R. Crane, Klamath Falls.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and RODMAN, Justices.

O'CONNELL, J.

The First National Bank of Oregon as the executor of the estate of Uma G. Mack, deceased, filed a petition praying for the construction of Uma G. Mack's will.

The pertinent portions of the will which was executed on August 21, 1962 are as follows:

"THIRD: I give and bequeath my son, Doc Mack, my daughter, Bertha Quiver, my grandsons Floyd Mack and Raymond B. Mack, the sum of Ten Dollars ($10.00) each. I intentionally make no other provision for the above named persons. I am expressly disinheriting all of the above persons except as heretofore mentioned and any and all other persons except my daughter Dressie Mack Reynolds, and I do hereby assert my right to dispose of my property by will as I see fit.

"FOURTH: It is my desire and intention that all of the rest, residue and remainder of my property, wheresoever situated, of which I may die seised, or to which I may be entitled or have or acquire any interest therein whether legal or equitable, and whatever nature whatsoever, whether real or personal or mixed, I give and bequeath to my daughter, Dressie Mack Reynolds."

Dressie Mack Reynolds died on March 21, 1965, leaving as her only heir her son, Raymond Mack. Uma G. Mack died on April 28, 1966, leaving as her heirs Bertha Quiver, Doc Mack, Raymond Mack, and Floyd Mack. Bertha died on May 5, 1966 and Judy Bruner was appointed the administratrix of her estate.

The question on appeal is whether the anti-lapse

statute, ORS 114.240, is applicable in this case. ORS 114.240 provides as follows:

"When any estate is devised to any child, grandchild or other relative of the testator, and such devisee dies before the testator, leaving lineal descendants, such descendants shall take the estate, real and personal, as such devisee would have done if he had survived the testator."

If the statute is applicable, Raymond Mack would take the estate his mother would have taken under the fourth paragraph of the will. If the statute is not applicable, the estate would be divided among the four heirs of Uma Mack, in which case Raymond Mack would also take but his share would be only one fourth of the estate.

■ A preliminary question of the construction of ORS 114.240 is presented. The question is: Does the statute apply if the will discloses an intention that the property should not pass in accordance with the statute? The general rule is stated in 4 Page on Wills § 1423, p. 181:

"The statutes which prevent lapse are not mandatory. They do not apply if the will shows the testator did not intend that the property should pass in accordance with the provisions of the statute. If testator's intention to dispose of his property in case of the death of the first beneficiary, in some way inconsistent with the statute which prevents lapse, is shown with a reasonable degree of certainty, effect will be given to such intention. On the other hand the statute will apply unless testator's intention to exclude its operation is shown with reasonable certainty."

We construe ORS 114.240 in accordance with the rule above stated.

■ The remaining question is whether the testatrix

manifested an intention to dispose of her estate contrary to the manner provided for under the statute.

The contesting heirs argue that to permit Raymond Mack to take the whole estate would conflict with the purpose of the testatrix as expressed in the clause of the will stating, "I expressly disinherit all of the above persons," which would include, of course, Raymond Mack.

The trial court held that the foregoing provision did not evidence the testatrix's intention to preclude Raymond Mack from taking under the statute. We agree with the trial court's construction of the will. As we construe the will the provision disinheriting the named persons was designed simply to prevent any of them from claiming as pretermitted heirs under ORS. 114.250. If testatrix had intended to preclude Raymond Mack from taking under any circumstances, it would seem that she would have made provisions to effectuate her purpose. This could have been accomplished by a simple provision disposing of the estate to others in the event that her daughter predeceased her.

In this connection it should be noted that the testatrix lived for more than a year after her daughter's death during which time she could have changed her will and disposed of her estate so as to exclude Raymond and the other persons named as being "disinherited," if that was her purpose.

It seems clear that the provision for disinheritance was intended only to preclude the named persons from claiming as pretermitted heirs.

The decree of the trial court is affirmed.